791 A.2d 226

CHARLES RAWITZ, PLAINTIFF-APPELLANT, AND JOHN T. LYONS, JR., PLAINTIFF, v. THE COUNTY OF ESSEX, THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX, OFFICIALS, EMPLOYEES AND/OR AGENTS OF THE COUNTY OF ESSEX, DEFENDANTS-RESPONDENTS, AND CATHERINE E. TAMASIK AND STEPHEN EDELSTEIN, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued December 4, 2001—Decided February 6, 2002.

Before Judges PRESSLER, WEFING and LESEMANN.

*Sanford R. Oxfeld* argued the cause for appellant (*Oxfeld Cohen*, attorneys; *Mr. Oxfeld*, of counsel; *Gail Oxfeld Kanef* and *Timothy R. Smith*, on the brief).

*Domenick Carmagnola* argued the cause for respondents, (*Lum, Danzis, Drasco, Positan & Kleinberg*, attorneys; *Mr. Carmagnola*, of counsel; *Mr. Carmagnola* and *Lynda D. Snyder*, on the brief).

The opinion of the court was delivered by

LESEMANN, J.A.D.

Plaintiff Charles Rawitz appeals from a judgment of the Law Division entered after a two day non-jury trial, in which the court rejected plaintiff's claim for additional salary respecting services he performed while holding the position of Assistant County Counsel in Essex County. Plaintiff served as Assistant County Counsel in the Claims Section of the County Counsel's office from 1987 until 1996. He claims that for a three year period between 1993 and 1996, after the Chief of the Claims Section had been terminated, he performed the duties of that position, and he seeks compensation therefore under the provisions of *N.J.S.A.* 40A:9–6.

Following a two day trial, Judge Harriet F. Klein concluded that, while plaintiff did perform many of the functions of Section Chief during that three year period, he had not held the

Section Chief or Acting Section Chief position on a *de facto* basis, and thus he was not entitled to receive the additional salary he requested. We agree with the conclusion reached by Judge Klein in her well reasoned written opinion dated June 15, 2000, and, accordingly, we affirm the judgment in favor of defendants, essentially for the reasons set out therein. We add only the following.

■ It is not sufficient for one seeking recovery under *N.J.S.A.* 40A:9–6, to show simply that he or she performed the duties of a particular position. Rather, the statute prescribes that one seeking such recovery must meet two requirements: first, the claimant must demonstrate that he or she "held" the "office or position" on a *de facto* basis; and second, that, while holding the position on that *de facto* basis, the claimant "performed the duties" of the position. Here, even if plaintiff performed the services in question and thus met the second of the two statutory requirements, there is no basis on which one could reasonably conclude that he did so while holding the position as a *de facto* officer.

That conclusion requires no fine line distinctions respecting who may or may not qualify as a *de facto* officer. Under any rational test as to whether one functioned as a *de facto* officer, plaintiff fails to qualify. *See Jersey City v. Dept. of Civil Service,* 57 *N.J.Super.* 13, 27–34, 153 *A.*2d 757 (App.Div.1959). There was no failed appointment in which an appointing authority purported to place plaintiff into a position but, for some reason, the attempt failed. There is no suggestion that plaintiff's superiors, his subordinates, or plaintiff himself ever thought that he held the position of Section Chief. Neither he nor anyone else ever held him out as being Section Chief or even Acting Section Chief. And that is true respecting outsiders as well as those working within the Essex County Counsel's office.

A recovery by plaintiff here could rest only on a construction of *N.J.S.A.* 40A:9–6 by which anyone who performs the services attendant upon a particular position is entitled to receive the salary of that position. It would read out of the statute the requirement that the one who performed those services did so as a

*de facto* holder of the position. That is not what the statute prescribes and any such transformation should be a matter for the Legislature and not the judiciary.

Affirmed.